UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA MARTIN,<br>        Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK,<br>        Defendant. | Case No. 14-cv-00081-MEJ<br><br>**ORDER DISMISSING CASE** |

Plaintiff Yohonia Martin filed the present case on January 6, 2014, alleging that Defendant Wells Fargo has failed to comply with the terms of the parties' settlement agreement in *Martin v. Wells Fargo Bank*, C 12-244 MEJ.[1]  Because the Court is without jurisdiction over Plaintiff's claim, the Court hereby DISMISSES Plaintiff's Complaint without prejudice to filing a complaint in state court.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute. . . .  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  *Id.*  Thus, where a settlement agreement results in dismissal of an action and the Court has not retained jurisdiction as part of the dismissal, any subsequent suit is "a claim for breach of a contract, part of the consideration for

---

[1] Plaintiff has also filed an Application to Proceed In Forma Pauperis.  The Court hereby GRANTS Plaintiff's application.  However, since this Order dismisses Plaintiff's Complaint, service upon Defendant is unnecessary.

which was dismissal of an earlier federal suit." *Id.* at 381 ("The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business.").

Here, the Court did not expressly retain jurisdiction over the settlement agreement when it dismissed Plaintiff's previous case nearly one year ago, nor did it incorporate any terms of the settlement into the Order.  Accordingly, the Court is without jurisdiction to enforce the settlement agreement and any claim Plaintiff may have must be brought in state court as a breach of contract claim.  *Kokkonen*, 511 U.S. at 382 (Absent a request for the court to retain jurisdiction over the settlement contract, "enforcement of the settlement agreement is for state courts."); *see generally Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995) (holding that the district court lacked jurisdiction to enforce settlement in a case in which the judge issued a conditional dismissal but did not expressly retain jurisdiction and did not incorporate the terms of the settlement into the dismissal, even though the judge orally indicated that he intended to oversee the settlement).

**IT IS SO ORDERED.**

Dated: January 15, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge